UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD LEE HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV1775 TCM |
| ) | |
| LINCOLN COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's amended complaint [Doc. #11], which plaintiff filed in response to the Court's Memorandum and Order of October 30, 2012 [Doc. #10]. For the reasons stated below, the Court finds that this action should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Amended Complaint

Plaintiff, an inmate at the Western Missouri Diagnostic Center, seeks monetary relief in this 42 U.S.C. § 1983 action against the Lincoln County Jail ("the Jail"). Plaintiff alleges that on June 10, 2012, while he was incarcerated at the Jail, he was attacked by another inmate and thereby sustained serious physical injuries. Plaintiff claims that prior to the attack, the Jail had failed to provide him "requested protective custody" and had attempted, but failed, to fix the faulty door to his cell. Plaintiff states that after the attack, a nurse cleaned a laceration above his right eyebrow and abrasions on his back, but the Jail, medical staff, and corrections officers refused his requests to see a doctor. Plaintiff believes he needs an x-ray of his back and neck, because he is in chronic pain and is experiencing migraines, muscle spasms, and "popping" in his neck and back. He states that he is currently on medication for pain.

## Discussion

Having carefully reviewed the amended complaint, the Court will dismiss this action pursuant to § 1915(e)(2)(B). Plaintiff's claims against the Lincoln County Jail are legally frivolous, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)(en banc)(§ 1983 suit cannot be brought against state

agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit).

Moreover, even if the Court were to liberally construe the allegations as including unnamed medical staff and correctional officers, those allegations would have to be interpreted as including official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant amended complaint, however, does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of his constitutional rights. For these reason, the Court will dismiss this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint, because it is legally frivolous and fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of December, 2012.

_____
UNITED STATES DISTRICT JUDGE